

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00439-CV

Rodolfo Rivera **MUNOZ**,
Appellant

v.

**THE CITY OF BALCONES HEIGHTS**, The City of San Antonio, and The State of Texas,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-01985
Honorable Peter A. Sakai, Judge Presiding

PER CURIAM

Sitting:    Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed:  November 20, 2013

DISMISSED FOR WANT OF JURISDICTION

Appellant Rodolfo Rivera Munoz filed a declaratory judgment action against the City of Balcones Heights, the City of San Antonio, the State of Texas, and Star Shuttle. Each defendant filed a plea to the jurisdiction. The clerk's record, which was filed in this court on September 23, 2013, establishes the trial court granted the pleas filed by the City of San Antonio, the State of Texas, and the City of Balcones Heights. However, this court found no document in the clerk's record disposing of the plea filed by Star Shuttle or otherwise disposing of appellant's claims against Star Shuttle. This court contacted the office of the district clerk to determine if any

document relating to Star Shuttle's plea had been omitted from the record and was told no documents were omitted. Accordingly, it initially appeared there was no final judgment or order in this case because the claims against Star Shuttle were not disposed of by the trial court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

Accordingly, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. We further ordered all appellate deadlines suspended pending our determination of whether we have jurisdiction over this appeal.

Appellant filed a written response. In the response, appellant correctly pointed out that the failure to dispose of Star Shuttle below rendered the orders in question interlocutory, but appealable pursuant to section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2012) (stating that order granting or denying plea to jurisdiction by governmental unit is appealable interlocutory order). However, because the orders are interlocutory pursuant to section 51.014(a)(8), any appeal from such orders is accelerated and subject to the accelerated deadlines set forth in the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 28.1(a) (stating that appeals from interlocutory orders – when allowed by statute – are accelerated; *see also* TEX. R. APP. P. 26.1, 26.3 (setting out deadlines for filing notice of appeal or motion to extend time to file notice of appeal in accelerated appeal). Given that this appeal was originally docketed as a regular as opposed to an accelerated appeal, the court has again reviewed the clerk's record regarding the dates of the orders and the date of the filing of the notice of appeal and determined the notice of appeal appears to be untimely as to all three orders.

***Orders Granting Pleas to the Jurisdiction Filed
by the City of San Antonio and the State of Texas***

Appellant attempts to appeal from the trial court's orders granting the separate pleas to the jurisdiction filed by the City of San Antonio and the State of Texas. As noted above, appeals from such orders are accelerated. *See* TEX. R. APP. P. 28.1(a). The trial court signed the orders granting the pleas filed by the City of San Antonio and the State of Texas on May 14, 2013. Because appeals from these orders are accelerated, appellant's notice of appeal as to these two orders was due June 3, 2013. *See* TEX. R. APP. P. 26.1(b). Neither a timely motion for new trial nor a timely request for findings of fact and conclusions of law will extend the time to perfect an accelerated appeal. TEX. R. APP. P. 28.1(b). A motion for extension of time to file the notice of appeal as to these two orders was due June 18, 2013. *See* TEX. R. APP. P. 26.3. Appellant did not file a notice of appeal until June 25, 2013, and he did not file a motion for extension of time to file the notice of appeal.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997) (construing predecessor to Rule 26). But "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.* Thus, in this case, no motion for extension of time can be implied based on the filing of the notice of appeal because the notice of appeal was not filed within fifteen days of the date the orders were signed. *See id.* Thus, it appears the notice of appeal as to the orders granting the pleas filed by the City of San Antonio and the State of Texas is untimely.

Based on the foregoing, we ordered appellant to show cause in writing on or before November 7, 2013, why the appeals as to the orders granting the pleas to the jurisdiction in favor of the City of San Antonio and the State of Texas should not be dismissed for want of jurisdiction.

Appellant filed a response on November 7, 2013. However, after carefully reviewing appellant's response, we hold that he has not shown any legally accurate explanation establishing this court's jurisdiction with regard to the orders on the pleas filed by the City of San Antonio and the State of Texas. Accordingly, we hold we are without jurisdiction to review these orders because appellant's notice of appeal was untimely. *See id.*

### *Order Granting Plea to the Jurisdiction Filed by the City of Balcones Heights*

Appellant also attempts to appeal the trial court's order granting the plea to the jurisdiction filed by the City of Balcones Heights. As noted above, an appeal from such an order is accelerated. *See* TEX. R. APP. P. 28.1(a). The trial court signed the order granting the plea filed by the City of Balcones Heights on May 20, 2013. Because this is an accelerated appeal, the notice of appeal was due June 10, 2013. *See* TEX. R. APP. P. 26.1(b). Neither a timely motion for new trial nor a timely request for findings of fact and conclusions of law will extend the time to perfect an accelerated appeal. TEX. R. APP. P. 28.1(b). A motion for extension of time to file the notice of appeal was due on June 25, 2013. *See* TEX. R. APP. P. 26.3. Although appellant filed a notice of appeal within the fifteen-day grace period allowed by Rule 26.3, he did not file a motion for extension of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt*, 959 S.W.2d at 617. However, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.*; TEX. R. APP. P. 26.3, 10.5(b)(1)(C).

We therefore ordered appellant to file a written response in this court on or before November 7, 2013, presenting a reasonable explanation for failing to file the notice of appeal in a

timely manner. As noted above, appellant filed a response on November 7, 2013. As a "reasonable explanation" for filing an untimely notice of appeal as to the order granting the City of Balcones Heights' plea to the jurisdiction, appellant stated:

> The "reasonable explanation" is that I did not make, or intend to make, an "Interlocutory Appeal," and, to the contrary, this Fourth Court is desperately trying to find a means of duplicating what the Lower Courts did and dismiss without ever having addressed the issue of the State Of Texas being void ab initio.

In *Hone v. Hanafin*, the supreme court addressed the issue of what constitutes a "reasonable explanation," holding that "[a]bsent a finding that an appellant's conduct was deliberate or intentional, the court of appeals should ordinary accept the appellant's explanation as reasonable." 104 S.W.3d 884, 887 (Tex. 2003). Under this standard, we hold appellant's explanation was not reasonable. He clearly intended to file the notice of appeal when he did, but simply contends he did not intend this as an interlocutory appeal. However, legally it is an interlocutory appeal given that the record shows, and appellant admits, a lack of disposition as to the plea to the jurisdiction filed by Star Shuttle. Moreover, in his own response to this court's prior show cause order, it was appellant who pointed out this was a proper interlocutory appeal under section 51.014(a)(8). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). Accordingly, because appellant did not provide a "reasonable explanation" as required under *Verburgt*, the notice of appeal was untimely and this court is without jurisdiction.

### *Conclusion*

Based on the foregoing, we hold we have no jurisdiction over this appeal. More specifically, we hold appellant's notice of appeal was untimely. Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM